2005 OK CIV APP 57

Terry M. FOX, Petitioner/Appellant,

v.

STATE of Oklahoma ex rel. OFFICE OF STATE FINANCE and the Oklahoma Merit Protection Commission, Respondents/Appellees.

No. 100,165.

Court of Civil Appeals of Oklahoma, Division No. 3.

July 25, 2005.

Daniel J. Gamino, Daniel J. Gamino & Associates, P.C., Oklahoma City, OK, for Petitioner/Appellant.

Lynn C. Rogers, Assistant Attorney General, Oklahoma City, OK, for Respondent/Appellee Office of State Finance.

Opinion by KENNETH L. BUETTNER, Chief Judge.

¶ 1 Permanent, classified, merit employee Terry M. Fox was discharged from employment with the Oklahoma State Finance Agency (OSF) for misconduct and conduct unbecoming a state employee for verbally threatening bodily harm to a fellow employee. Fox appealed his discharge to the Oklahoma Merit Protection Commission (MPC), which re-instated him on the ground that OSF had not conducted Fox's annual work performance evaluation. OSF appealed that decision to district court. The court asked MPC for clarification, which MPC provided in an addendum order stating that the evidence was sufficient to support discharge and the discharge would have been affirmed except for the failure to conduct the evaluation. In the meantime, OSF conducted an evaluation and discharged Fox again. Fox appealed that termination which MPC dismissed.

Fox appealed that decision which the District Court consolidated with the prior case. The District Court noted compliance with the evaluation statute, the addendum order and affirmed the initial discharge. We affirm.

¶ 2 Terry Fox worked at the data center for the Office of State Finance. About 2:30 p.m., March 28, 2002, he was walking to the restroom when he met a fellow employee on a ramp. The other man had a rolling cart which Fox stated he pushed in front of him in an aggressive manner. Fox stepped around to avoid him, but the other man pushed the cart in front of him again. Fox got into his face, called him some names, and told him he would "whip his ass." Another employee witnessed the incident and called for intervention. The men separated. Fox was asked to leave the workplace, which he did. After investigation, OSF conducted a pretermination hearing, then discharged Fox from employment.

¶ 3 Fox appealed his discharge to the Merit Protection Commission, which reinstated him because it found that OSF had failed to conduct an employment evaluation within the previous year.[1] OSF appealed [2] that order to the District Court which asked for clarification and temporarily enjoined OSF from proceeding with disciplinary action against Fox.

The District Court dissolved the temporary injunction February 27, 2003. OSF, having thereafter performed an annual employment evaluation, signed by Fox, discharged him again and held a second pretermination hearing March 24, 2003. On April 29, 2003, the District Court issued its clarification order to the Merit Protection Commission, remanding for a determination whether, but for the failure to comply with the evaluation requirement, it would have upheld the discharge. MPC answered in the affirmative May 5, 2003. The District Court recited the history of the procedure of the case and stated that it reviewed initial and supplemental briefs and issued its final order November 25, 2003. "Based upon its review, the Court finds that the first discharge of Respondent Fox would have been affirmed except for the Petitioner's failure to comply with 74 O.S. § 840–4.17. The Petitioner has complied with the statute and the evidence presented supports discharge of the Respondent, therefore, the discharge is approved and affirmed."

¶ 4 The reviewing court affirms the agency order if it is found to be valid and if the proceedings are free from prejudicial error to the appellant. 75 O.S.2001 § 322(3). Pursuant to 75 O.S.2001 § 322(1), in the exercise

---

1. 74 O.S.2001 § 840–4.17 **Employee service rating system**
   A. The Office of Personnel Management shall make available one standard performance management system to be used by all agencies for completing employee service ratings. Agencies shall implement this new system on or before January 1, 2000. Until January 1, 2000, agencies may continue to use employee service rating systems which were approved or provided by the Administrator prior to November 1, 1999. The purpose of this employee performance management system is to evaluate the performance of each regular classified, unclassified and exempt employee in the executive branch of state government except those in the exempt unclassified service as specified in paragraphs 1 and 2 of subsection A of Section 840–5.5 of this title and those employees employed by the institutions under the administrative authority of the Oklahoma State System of Higher Education.
   B. The employee performance management system shall provide for the following:
      1. An objective evaluation of the employee, by the immediate supervisor, of the performance of the employee within the assigned duties of the job;
      2. The identification of the strengths and deficiencies of the employee;
      3. Corrective actions, if necessary, to correct deficiencies;
      4. An interview with the employee by the immediate supervisor who shall provide the employee with a copy of the service ratings; and
      5. The opportunity for the employee to submit written comments regarding the service rating.
   C. Each employee shall be rated thirty (30) days prior to the end of the probationary. Thereafter, each employee shall be rated no less than once each year.

   * * *

   E. The agency shall use available service ratings of current or former state employees in decisions regarding promotions, appointments, demotions, performance pay increases, and discharges. Reductions-in-force shall not be considered discharges.

2. The thrust of OSF's appeal to District Court was that MPC misapplied the evaluation statute in the context employee misconduct and discipline.

of proper judicial discretion or authority, the reviewing court

... may set aside or modify the order, or reverse it and remand it to the agency for further proceedings, if it determines that the substantial rights of the appellant or petitioner for review have been prejudiced because the agency findings, inferences, conclusions or decisions, are:

(a) in violation of constitutional provisions; or

(b) in excess of the statutory authority or jurisdiction of the agency; or

(c) made upon unlawful procedure; or

(d) affected by other error of law; or

(e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence, as defined in Section 10 of this act, including matters properly noticed by the agency upon examination and consideration of the entire record as submitted; but without otherwise substituting its judgment as to the weight of the evidence for that of the agency on question of fact; or

(f) arbitrary or capricious; or

(g) because findings of fact, upon issues essential to the decision were not made although requested.

¶ 5 Fox contends that (1) his second discharge was barred by *res judicata;* (2) OSF violated his rights to equal protection and due process by not treating him similarly to two other employees who he claims behaved worse but got lighter disciplinary treatment; and (3) OSF did not perform his employment evaluation in a timely fashion nor use progressive discipline, contrary to the Oklahoma Personnel Act.

■ ¶ 6 With respect to the *res judicata* claim, the District Court held that the first discharge was effective.[3] Consequently, there is only one final order from the Merit Protection Commission, and one final order from the District Court. *Res Judicata* is not an applicable legal concept to the facts at bar. Further, although fully litigated administrative decisions, which hold the possibility of appeal, may be subject to *res judicata* (see *State ex rel. Department of Transportation v. Little,* 2004 OK 74, 100 P.3d 707), there is no authority cited for the proposition that an agency discharge of an employee meets the criteria.

■ ¶ 7 However, the initial error which occurred in this case was MPC's holding that OSF could not discharge Fox because it had failed to perform the Oklahoma Personnel Act's mandatory performance evaluation. OSF admittedly failed to do this, and, in fact, had failed for several preceding years.[4] OSF's dereliction, however, is a matter for itself and the Office of Personnel Management (OPM) to correct.

¶ 8 To read 74 O.S.2001 § 840–4.17(E) as a condition precedent to discharge is inconsistent with 74 O.S.2001 § 840–6.3(B), "Progressive discipline" and can result, as it did in the case at bar, in holdings the Legislature cannot have intended. It certainly makes sense to use evaluations in employment decisions such as promotions, appointments, demotions, performance pay increases, and discharges when the appointing authority is basing a decision over a span of time. With respect to discharge, an evaluation might be pertinent when an employee had been subject to corrective action for unsatisfactory conduct or substandard employment performance. However, an employee may have a superlative employment evaluation, yet be discharged from employment for one egregious episode of misconduct in the workplace. Title 74 O.S.2001 § 840–6.3(B), "Progressive discipline," states:

Progressive discipline is a system designed to ensure not only the consistency, impartiality and predictability of discipline, but also the flexibility to vary penalties if justified by aggravating or mitigating condi-

---

3. In any event, MPC dismissed Fox's second MPC appeal as moot June 20, 2003.

4. 74 O.S.2001 § 840–4.17

(G) Each appointing authority shall confirm in writing to the Administrator of the Office of Personnel Management on or before January 1 of each year that the employees of the appointing authority's agency have been rated pursuant to the provisions of this section.

(H) The Administrator of the Office of Personnel Management shall conduct an annual random audit of state agencies in compliance with this section.

tions. Typically, penalties range from verbal warning ... suspension or demotion. Absent mitigating circumstances, repetition of an offense is accompanied by a generally automatic progression to the next higher level of discipline.

¶ 9 The evaluation and the appointing authority's ability to discipline for misconduct are not co-dependent or related. Pursuant to 74 O.S.2001 § 840–6.3(A), the agency is required to establish written policies and procedures for progressive discipline according to rules established by MPC. Pursuant to § 840–6.3(C): "Each supervisor shall be responsible for applying discipline when necessary that is progressive in nature, *appropriate for the offense,* and equitable." (Emphasis added). In *Cox v. State ex rel. Department of Human Services,* 2004 OK 17, 87 P.3d 607, a permanent, classified employee of DHS, who worked as a county supervisor, was discharged from his position for violation of employees' civil rights, *viz.* sexual harassment and creation of hostile work environment. There had been no previous corrective action. The employee, Cox, appealed. The Oklahoma Supreme Court, with respect to § 840–6.3 and the implementing MPC rule, held that there is no requirement that imposes progressive discipline in all instances nor is there a burden placed on the appointing authority to demonstrate that a lesser disciplinary measure would be ineffective before imposing the more stringent penalty.

██ ¶ 10 Fox also alleged that other employees had weapons in the workplace, but received lighter penalties. OSF responds that those cases arose before it began its "no tolerance" policy. Because it has a "no tolerance" policy for behavior that could be construed as threatening, provoking or intimidating, it can be presumed from the case at hand that any threat of violence, or any act in violation of the policy, will receive the maximum penalty, absent statutory mitigating or aggravating circumstances. Fox did not present evidence of anyone receiving disparate treatment after implementation of the policy, or of anyone receiving intermediate levels of discipline for similar misconduct. There is no showing of constitutional violations of equal protection of the law or of due process of law.

¶ 11 We AFFIRM the order of the District Court on review. The error of MPC was not prejudicial to the Appellant.

HANSEN, J., and JOPLIN, P.J., concur.